**Carmie JOSEPH, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 00–5126.

United States Court of Appeals,
Federal Circuit.

Aug. 30, 2001.

Before NEWMAN, RADER, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

*ORDER*

The United States moves for summary affirmance. Carmie Joseph has not responded.

The Court of Federal Claims dismissed Joseph's complaint for lack of jurisdiction. The trial court stated:

The plaintiff, acting *pro se* in the above-captioned case, demands that his case, apparently against several departments of the City of New York, based on actions of the City's Fire Department and the King's County District Attorney's Office, be allowed to proceed. He also asserts multiple other infringements on his person. He includes a copy of an order by the Honorable Michael D. Stallman, a judge of the Supreme Court of the State of New York, New York County, filed February 1, 2000. Judge Stallman's order granted a motion made by the City of New York to dismiss plaintiff's complaint. In the case in the New York Supreme Court, plaintiff complained (1) of actions by New York Fire Department investigators who allegedly failed to take action against a tenant who resided in plaintiff's building and who allegedly set repeated fires, and (2) of actions by the State of New York Division of Housing and Community Renewal and/or the New York City Department of Housing Preservation and Development; the plaintiff also alleged "criminal violations" by the City leading to the ruin of his family. Among the claims Mr. Joseph has filed in the United States Court of Federal Claims is a Notice of Appeal from Judge Stallman's Decision and Order. The plaintiff demands five million dollars, although this monetary demand is not made in the complaint, but is found elsewhere in the file. The plaintiff cites no statutory authority which would confer jurisdiction on this court to consider plaintiff's complaint.

\*       \*       \*       \*       \*       \*

The court has had great difficulty attempting to decipher the plaintiff's complaint to ascertain the jurisdictional foundation for the claims filed with the court. After construing his claims, however, the court holds that plaintiff has failed to alleged facts and circumstances which can state a claim against the United States. Therefore, the court does not have jurisdiction to consider plaintiff's complaint.

\*       \*       \*       \*       \*       \*

As best the court can discern from the plaintiff's submission, the plaintiff has not stated a claim which is premised upon "an express or implied contract with the United States," 28 U.S.C. § 1491, or an assertion that some applicable law " 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." ' *Brown v. United States*, 86 F.3d at 1559 (citing *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (quoting *Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 372 F.2d 1002 (1967)).

The only possible defendants in this action are various agencies of the City or State of New York. Aside from a passing reference to the fact that he is a taxpayer, plaintiff makes no mention of any federal entity in connection with the acts of which he complains. When plaintiff's complaint names private parties or state agencies, rather than federal agencies, the court has no jurisdiction to hear those allegations. The jurisdiction of this court only extends to suits against the United States.... The court, therefore, dismisses the above-mentioned case for lack of jurisdiction over the subject matter, pursuant to RCFC 12(b)(1), and for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(4) and 28 U.S.C. § 1915(e)(2)(B)(ii).

Summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir.1994) (summarily affirming the Court of Federal Claims' dismissal of a complaint). We agree with the reasoning of the Court of Federal Claims in dismissing Joseph's complaint. Thus, because no substantial question exists regarding the out-come of the appeal, the court summarily affirms the judgment of the Court of Federal Claims.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion for summary affirmance is granted.

(2) Each side shall bear its own costs.